FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 22, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL FRANK KAFER,

     Petitioner - Appellant,

v.

JIMMY MARTIN, Warden,

     Respondent - Appellee.

No. 18-7019
(D.C. No. 6:15-CV-00038-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Applicant Michael Kafer was convicted by an Oklahoma jury of assault with a dangerous weapon and second-degree murder after running over his sister-in-law with a vehicle. The Oklahoma Court of Criminal Appeals (OCCA) denied him relief on direct appeal, and the United States District Court for the Eastern District of Oklahoma denied his application for relief under 28 U.S.C. § 2254. After being denied a certificate of appealability (COA) by the district court, he now requests a COA from this court. *See* 28 U.S.C. § 2253(c) (1)(A) (requiring COA to appeal denial of relief under § 2254). We deny his request.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* (internal quotation marks omitted). Thus, a federal court may not grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* While a state

2

court does not need to be confronted with an "identical factual pattern before a legal rule must be applied," relief is available under the unreasonable-application clause "only if it is so obvious that a clearly established rule applies to a given set of facts that there could be no fairminded disagreement on the question." *White v. Woodall*, 572 U.S. 415, 427 (2014) (internal quotation marks omitted). "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Applicant first claims that the trial court's failure to instruct the jury about the use of impeachment evidence violated his rights under the Sixth Amendment's Confrontation Clause. At trial the prosecutors impeached Applicant with his prior written statement to the police and two other trial witnesses were impeached (by defense counsel) with their deposition testimony. But the use of out-of-court statements to impeach a witness testifying at trial does not raise any Confrontation Clause issue. As the Supreme Court has stated, "[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004). No reasonable jurist could debate the propriety of the district court's rejection of this claim.

Applicant's second claim is based on the admission of photographs of the victim's body, which he asserts were overly prejudicial. The OCCA concluded that there was no error in the admission of the images because they were not particularly graphic and were used to corroborate the medical examiner's testimony about the commission of the crime and the victim's injuries. Applicant has failed to explain why the state court's decision is

3

not entitled to deference under AEDPA.  Not only does he fail to cite to any decisions excluding similar evidence, he utterly fails to point to any decision of the United States Supreme Court suggesting that such photographs must be excluded on constitutional grounds.  No reasonable jurist would disagree that the OCCA's decision was entitled to AEDPA deference.

Finally, Applicant argues that he is entitled to relief because of cumulative error. "In the federal habeas context, a cumulative-error analysis aggregates all constitutional errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." *Alverson v. Workman*, 595 F.3d 1142, 1162 (10th Cir. 2010) (brackets and internal quotation marks omitted).  But "cumulative-error analysis applies where there are two or more actual errors.  It does not apply to the cumulative effect of non-errors." *Hooks v. Workman*, 689 F.3d 1148, 1194–95 (10th Cir. 2012) (brackets, ellipses, and internal quotation marks omitted).  Applicant has failed to show any constitutional error, so there can be no cumulative error either.

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Harris L Hartz
Circuit Judge